GEORGE E. LAWRENCE *v.* ROBERT SMITH.

If an inhabitant of another State is duly served with a process of foreign attachment, when within this State, he must appear and answer, or judgment will be rendered against him upon his default.

If he appears, and, upon his disclosure, or by verdict, it appears, that he has no property of the principal debtor within his hands within this State, and is not liable to the principal debtor upon any contract to be paid or performed in this State, he will not be charged as trustee.

This is an action of debt founded upon a judgment recovered by the plaintiff against the defendant, as trustee of one George Ramsbottom, in an action, wherein the writ is dated January 3d, 1860, returnable at the April Term of said court in said county, 1860; was served upon said Ramsbottom and said Smith, January 3d, 1860; and was entered at said April Term, and, neither said Ramsbottom nor Smith appearing, said Smith's default was recorded, and judgment rendered against him for the amount which the plaintiff recovered against the principal defendant in the action, to wit, debt $43.42, and costs taxed at $6.68.

It was agreed that Smith, at the time of the commencement of the original suit, was and ever since has been a resident of the State of Massachusetts, and was only temporarily here at the time the writ in said original action was served upon him. Said Smith is described in the writ in the original action, as "of Lawrence, in the county of Essex, and Commonwealth of Massachusetts, now commorant of Epping, in said county of Rockingham"; and in the writ in the present action, as of Lawrence, but his property in this State having been attached on the writ in the last action, he appears and defends without notice.

It is also agreed that said Ramsbottom had been a resident of this State until a few months prior to the service of said last writ, but had been absent for that period, excepting the few days prior to the commencement of this suit; but whether his absence was intended to be permanent or temporary, or whether he returned with the intention of remaining in this State, is to the parties unknown. In the writ in the original action, he is described as "now commorant of Epping, in the county of Rockingham."

It is agreed that judgment be entered for the plaintiff or defendant, according to the opinion of the court.

*J. S. H. Frink*, for the plaintiff.

I.   The only defence to this action, available to the defendant, is the want of jurisdiction on the part of the court, to render the judgment now sought to be enforced. The law in this State may be considered well settled by a series of decisions,—of which the one cited is the last,—that a non-resident, served with process, and having property of the principal defendant in his hands, within this State, is chargeable as a trustee.   *Young* v. *Ross*, 31 N. H. 201.

The defendant, as well as the principal defendant in this case, was regularly served with process in this State. This fact of itself gives the court *prima facie* jurisdiction, *Libbey* v. *Hodgdon & Tr.*, 9 N. H. 396, and imposes upon the defendant the burden of showing why he should not be charged, at least technically by plea. The court having obtained jurisdiction of the person of the trustee by service upon him within this State, the statute determines his liability in all cases of default.   Comp. Stat. ch. 221, sec. 5.   By his default, therefore, the court obtained jurisdiction of the subject matter of the judgment, for, under our statute, it is a distinct admission of the charge of having property of the principal defendant in his hands, at the time of the service of

the writ upon him, within the jurisdiction to which the writ was returnable. The judgment, then, was rendered according to the provisions of the statute.  *Kendrick* v. *Kimball*, 33 N. H. 486.

We conceive that the defendant stands here as if upon disclosure he had admitted that he had property of the principal defendant in his hands within this State, at or after the service, and before disclosure, and his default controls any presumption of the law to the contrary.  If such is not the law, then a fraudulently disposed citizen of another State, although duly served with process here, may hold property of a debtor in this jurisdiction, and screen himself from all liability by his refusal to appear and answer.     •

We believe, that, in most cases, where the trustee neglects to avail himself of the liberal provisions and presumptions of the law in his behalf, the conclusions of the statute, in cases of default, will be found to accord with the facts ; but, if not, then his remedy is plain, and he must resort to his writ of review  or error, to reverse the judgment.

II.   This defence, which the defendant proposes to set up here, is not open to him in this form, unless the present judgment, being a domestic judgment of a court of general authority, is void and a nullity for want of jurisdiction apparent on the record.   *Cook* v. *Darling & Tr.* 18 Pick. 393 ; *Granger* v. *Clark*, 9 Shepley, 128 ; *Hall* v. *Williams,* 6 Pick. 239 ; *McCormick* v. *Sullivant*, 10 Wheat. 192 ; *Gorrill* v. *Whittier*, 3 N. H. 269 ; *Smith* v. *Knowlton*, 11 N. H. 191 ; *Morse* v. *Presby*, 25 N. H. 301–2 ; *Nichols* v. *Smith*, 26 N. H. 298 ; *State* v. *Richmond*, 26 N. H. 232 ; *Demerritt* v. *Lyford*, 27 N. H. 541 ; *Lamprey* v. *Nudd*, 29 N. H. 299 ; *Hollister* v. *Abbot*, 31 N. H. 449 ; *Sanborn* v. *Fellows*, 22 N. H. 473 ; *Eaton* v. *Badger*, 33 N. H. 238 ; *Carleton* v. *Wash. Ins. Co.*, 35 N. H. 163 ; *Kittredge* v. *Emerson*, 15 N. H. 227.

The want of jurisdiction is not apparent upon the record, because, conceding the facts to be as the defendant contends, yet the fact of this defendant's having property of the principal defendant in his hands within this State, &c., is the one giving the court jurisdiction, and this fact might exist consistently with the record.   Even conceding that a default is not an admission of it, and that this defendant, then trustee, was a resident of another State, the record should show affirmatively the non-existence of the facts (jurisdiction of the person having been obtained by service,) to defeat an action upon the judgment.

But if it should be held that a court of general authority has only a special and limited jurisdiction in cases like the one at bar,  and the record must show every thing necessary to give the court jurisdiction, then, we submit, that in this case it does this, and for the reasons before stated :

1.   Because service in this State gives jurisdiction of the person, so that judgment will be conclusive against a defendant and his privies until reversed.

2.   Because the parties, by the record, appear to have been commorant within this State, at the time of service.

3.  Because a default is made by our law an admission of record, that the trustee had property of the principal defendant in his hands, at the time of service, within the jurisdiction of the court, to which the process is returnable, and this gives cognizance of the subject matter.

This action, then, as we contend, can be maintained, because the court had jurisdiction to render the judgment, on which it is founded, and this judgment is conclusive upon the defendant, until proper proceedings to reverse it; no want of jurisdiction appearing upon the record, and the record instead showing jurisdiction of the subject matter of the judgment, and of the persons affected by it.

*W. B. Small,* for defendant.

I.  The summoning of a trustee is like a proceeding *in rem,* and, to make any judgment against a trustee effectual, the court must have and exercise a rightful jurisdiction over the *res,* and also over the person, so far as the *res* is concerned, otherwise the judgment will be disregarded. *Tingley* v. *Bateman,* 10 Mass. 346; *Sawyer* v. *Thompson,* 24 N. H. 514; 1 Greenl. Ev. sec. 542.

II.  The court have no jurisdiction over the property of the defendant Ramsbottom, in the hands of the supposed trustee, the present defendant. *Tingley* v. *Bateman, ante; Ray* v. *Underwood,* 3 Pick. 302; *Nye* v. *Liscombe,* 21 Pick. 263; *Jones* v. *Winchester,* 6 N. H. 497 *Sawyer* v. *Thompson,* 24 N. H. 510; *Smith* v. *Railroad,* 33 N. H. 342; *Young* v. *Ross,* 31 N. H. 201. The court must have jurisdiction of the property as well as of the person. For the purpose of this proceeding, personal property is regarded as having locality. The property does not follow the person of the holder. A person, not an inhabitant of the State, cannot be charged as trustee. The burden of proof is on the defendant, to show that the supposed trustee had property of the principal defendant in the State. No evidence was offered to bring the case within the exception; the record shows a service on the trustee, but nothing as to the property supposed to be in his hands. In *Mills* v. *Duryee,* Johnson, J., says : "There are certain eternal principles of justice, which ought never to be dispensed with. One of those is, that jurisdiction cannot be justly exercised over property not within reach of its process, or over persons not owing them allegiance, or not subject to their jurisdiction by being found within their limits." 7 Cranch 481. The burden is not on us to show there is no jurisdiction. There is no presumption in its favor. The parties being here is not enough, unless it is shown the property is here.

III.  This question of jurisdiction may properly be inquired into in the present proceedings. *Sawyer* v. *Thompson, ante; Morse* v. *Presby,* 25 N. H. 299.

BELL, C. J.  It is entirely immaterial in this case, whether the proceedings are regular or otherwise, or whether they are erroneous or not, if the court had jurisdiction of the cause and of the parties. The law

has provided certain modes of proceeding for setting aside the judgments of courts, if they are irregular, and for reversing them, if erroneous; and all parties are bound to resort to these legal remedies, if they have occasion. But, so long as the judgment of a court of competent jurisdiction to try and determine cases of the same class, founded upon such notice of the proceeding as the law requires, to give jurisdiction of the parties, remains in force, and is not set aside nor reversed, it cannot be revised collaterally. In a suit founded upon such judgment, the record is incontrovertible, and every other court is bound to assume that the judgment is rightfully and properly rendered. In the case of the higher courts of general jurisdiction, any departure from the usual course of proceeding constitutes an irregularity, or error at most, though in the case of very inferior tribunals, the jurisdiction may be limited to particular modes of procedure. The jurisdiction of every court as to the case and person, is always open to inquiry; and, if it appears or is shown that a judgment was rendered by a court without jurisdiction, the judgment will be held a mere nullity.

That the court here had jurisdiction of all cases of foreign attachment is not questioned, and it is not understood to be questioned, that, if the suit had been against the present defendant, as the principal defendant in that case, the service of the writ was quite sufficient, and the jurisdiction of the court, as to the person of the defendant, perfect. The same rules apply to both.

But the position taken by the defendant is, that the court has no jurisdiction over the property of the principal defendant in the hands of the supposed trustee, though the process is properly served on both the principal defendant and the trustee, because the court, in proceedings of this kind, must have jurisdiction over the property alleged to be in the hands of the trustee, as well as over the person of the trustee. It is clear, that, in all actions at law of a local character, that is, where the subject of the litigation is land or its incidents, the court must have jurisdiction of the property, or the judgment will not bind the title to it. So that the question here is, whether a person, who has in his hands personal property of a debtor, for which he might be rightfully charged as trustee in the courts of his domicil, can be charged as trustee for the same property, in the courts of any other jurisdiction, in which he and the debtor may be found and duly served with process.

The general principle is very clear, that _debitum et contractus sunt nullius loci_—debts and obligations are not local. They are incident to and accompany the person, wherever he may be found, so that, as the general rule, a debtor, or contractor, or party, answerable for personal property, is chargeable in any place where he is served with process. It is contended that the case of the trustee process is an exception to this rule; that it is not enough that a party is regularly served with the process of the court within the jurisdiction where he is at the time. He cannot be charged as a trustee except in the jurisdiction where he resides.

"Proceedings by creditors against the personal property of their debtor in the hands of third persons, or against debts due to him by third

persons, are treated as in some sense proceedings *in rem.* In all these cases the same principle prevails, that the judgment acting *in rem* shall be held conclusive upon the title and transfer and disposition of the property itself, in whatever place the same property may afterwards be found, and by whomsoever the latter may be questioned, and whether it be directly or incidentally brought in question. In the last class of cases, we are specially to bear in mind, that, to make any judgment effectual, the court must possess and exercise a rightful jurisdiction over the *res,* and also over the person, as far as the *res* is concerned, otherwise it will be disregarded. And, if the jurisdiction over the *res* be well founded, but not over the person, except as to the *res,* the judgment will not be either conclusive or binding upon the party *in personam,* although it may be *in rem.*" 1 Greenl. Ev. secs. 542–3.

In *Jones* v. *Comings,* 6 N. H. 497, it appeared by the writ, that the plaintiff and the principal defendant were inhabitants of another State. The trustee, in his plea, alleged that he was an inhabitant of the State of Vermont. The plea was held to be in its nature a plea to the jurisdiction of the court, and as such clearly bad. The action was brought in the proper court,—if any court of the State had jurisdiction,—and the trustee was required to answer further. But it was held, that if all the parties should be found to be inhabitants of another State, the trustee could not be charged in the suit, unless he had goods of the principal in his hands in this State, at the time the writ was served upon him, or had contracted to pay money, or deliver goods to the principal at some particular place in this State. In general, mere choses in action are to be considered, with respect to a suit of this kind, as local, and not as following the person of the trustee to any place where he may be transiently found. This decision is placed on the ground that the court have jurisdiction in trustee suits, where the trustee is resident in another State, and that under proper circumstances the trustee may be charged, though it appears that all parties are resident out of the State.

In *Sawyer* v. *Thompson,* 24 N. H. 510, no one of the parties was ever domiciled in the State. Woods, J., says : "Mere choses in action are considered, with reference to the trustee process, as local, and not as following the person of the trustee, wherever he may transiently be found. The trustee and principal debtor are described as inhabitants of the State at the date of the writ, but that is not decisive of the fact, and cannot conclude the party upon that point. The ruling in favor of the trustee did not rest simply upon the ground of the foreign residence of the trustee, but also upon the ground that he owed no debt or duty to the principal to be peformed here. The issue will not preclude the right to make the defence relied upon. It is not merely, whether the trustee has goods, money or credits of the principal debtor in his hands, but whether he has them under such circumstances, that he is answerable for them in this jurisdiction where he is summoned. * A chose in action, in reference to the foreign attachment process, stands upon the same ground as chattels of the principal debtor found in possession of the trustee, located and deliverable by him in another State. The trus-

tee is no more answerable for the chose in action, payable in a foreign jurisdiction, than for the goods that are located there."

In *Young* v. *Ross*, 31 N. H. 201, where, in process of foreign attachment, the parties were all non-residents, but the trustee being in this State temporarily, and having in his possession notes and money belonging to the principal defendant, the process was served upon him here, and the principal afterwards appeared and answered to the action, it was held that the trustee was chargeable. Voluntary appearance gave the court jurisdiction, so far as the principal defendant was concerned. *Libbey* v. *Hodgdon*, 9 N. H. 396. The trustee contended, that, as he resided in the State of Maine, and was in this State, at the time the writ was served upon him, only for a temporary purpose, the court had no jurisdiction to charge him as trustee, notwithstanding he may have had the two notes, and the proceeds of the others belonging to the principal defendants, in his possession in this State, when service was made upon him. Upon the principle, that, where an attachment is made, the court obtains jurisdiction and the service may afterwards be completed and judgment obtained, the trustee must be held. The property was attached while in his possession in this State. If he had not had the property with him, but had left it at his residence in Maine, it could not be said that it was attached here. The two last cases are evidently decided upon the authority of the case in 6th N. H., and sustain that decision.

Upon these decisions, with which there is none here in conflict, we think that the law may be stated, that the inhabitants of other jurisdictions, upon whom service of process is made within our jurisdiction, are bound to appear, and answer to the action, and make their defence; and if they neglect to appear after due notice, judgment will be and may rightfully be entered against them on their default. The court, by the due service of the process, acquire jurisdiction of the person, so that judgment may be properly rendered against them, if they do not answer. If on disclosure it appears that the trustee had not, at the time of the service of the process, any property of the principal defendant in this State, and was not holden upon any debt or contract to be paid or discharged in this State, he will not be charged; not for want of jurisdiction of the case and person and subject matter, but because the courts here hold that in such case the trustee is not chargeable, since their judgment will not affect the title to property out of the State, and consequently the trustee could not be protected by it.

Here there was no disclosure. The trustee was duly summoned, and had opportunity to show his case, but did not. He thereby admitted the charge in the writ, and was justly charged on his default. If he had had nothing in his hands, it would be no ground of relief from such judgment. It would not be a stronger case, that he had property for which he ought not to be charged, and did not show it. Nothing in this case shows that the trustee had not some property in this State, or some debt payable here, for which, if he had made a disclosure, he would have been properly charged.

*Judgment for the plaintiff.*